IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00437-RBJ-MJW

INTELLIGENT DESIGNS 2000 CORPORATION
a Colorado corporation,

    Plaintiff,

v.

SPRINT/UNITED MANAGEMENT CORPORATION,
a Kansas Corporation, and
ICELLA, INC.
d/b/a EZ COMMUNICATIONS,
a California corporation,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER** (Docket no. 103-1)

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court HEREBY ORDERS AS FOLLOWS:

**I. CLASSIFICATION OF INFORMATION**

1. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as *"Confidential"* or *"Highly Confidential"* any documents, testimony, or other discovery material that contains "Confidential Information" or "Highly Confidential Information."

2. "Confidential Information" means information that the designating party reasonably and in good faith believes constitutes, contains, or comprises trade secrets or other confidential research, development, customer proprietary network information ("CPNI"), or non-

1

public commercial information or documents. Material designated as Confidential pursuant to this Order shall refer to any so designated document, testimony, or other discovery material and all copies thereof, and shall also refer to the information contained in such material.

3. "HIGHLY CONFIDENTIAL INFORMATION" means and includes any and all Confidential Information whose disclosure to any Receiving Party or any other entity would be likely to cause harm to the competitive position of the Producing Party, including, but not limited to documents that constitute or contain highly sensitive and non-public engineering, design, research and development analysis, financial, strategic planning, commercial planning, pricing, customer, environmental, labor relations, human relations, or cost information, information covered by federal or state privacy laws, or any other highly sensitive or proprietary information.

## II. PRODUCING AND DESIGNATING INFORMATION

4. All documents and things produced by any party shall be numbered using a prefix bearing the party's name or an abbreviation thereof, such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations, followed by identifying sequential numbers. The prefix should be used on a consistent basis and in a manner which makes clear the identity of the producing party.

5. The marking "Confidential" or "Highly Confidential" shall be prominently placed on the outside of the front page/cover of each document, including deposition transcripts, and on each confidential page of a multi-page document. The marking shall be placed so as to not obscure any information on the document. This provision shall not apply where it is impractical or infeasible to mark the affected document or thing such as in the case of an original that cannot

be readily copied. In the event it is impractical or infeasible to mark an affected document or thing, the designating party shall provide separate written notice.

6. Until seven (7) days after receipt, the receiving party shall treat all documents and things received from a producing party as being Highly Confidential Information, regardless of how such documents or things are marked. After that seven day period, documents and things shall be treated in accordance with how they are actually designated, if at all, under the above paragraphs.

### A. Production for Inspection

7. In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "Highly Confidential." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party.

### B. Depositions

8. Testimony given at a deposition and the resulting transcript and each exhibit thereto may be designated as "Confidential" or "Highly Confidential" by an appropriate statement at the time of the giving of such testimony or by notifying all other parties in writing within fourteen (14) days of receiving the transcript and exhibits. Until fourteen (14) days after receiving a deposition transcript, each party shall treat the entirety of each deposition transcript, all information disclosed therein, and each exhibit thereto as Highly Confidential Information,

unless before the deposition the exhibit was properly treated as not having any Confidential Information or Highly Confidential Information. After the fourteen (14) day period, deposition transcripts, all information disclosed therein, and each exhibit thereto shall be treated in accordance with how they are actually designated.

C. **Redactions**

9. Any producing party may redact material from documents and things it produces if the producing party claims the redacted material is subject to the attorney-client privilege, work product immunity, or other privilege or immunity. The producing party shall mark each document or thing where privileged matter has been redacted with a legend stating "Redacted" or a comparable descriptive notice. The producing party shall preserve an unredacted version of each document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of the attorney-client privilege, work product immunity, or other privilege or immunity.

D. **Privilege Logs**

10. The parties agree that work product or privileged documents created after the date this action was filed need not be disclosed on a party's privilege log.

III. **LIMITATIONS ON USING AND DISCLOSING INFORMATION**

A. **Limitations on Use and Disclosure**

11. All Confidential Information produced or exchanged during this litigation shall not be disclosed or used except for the purpose of conducting this litigation, including any appeal therefrom, and not for any other business, commercial, or other purpose whatsoever. As an example only, such information shall not be used by a recipient for any commercial purpose, for

filing, prosecuting, or opposing any patent application (of any type) or a similar request for protection, for a patent reissue or reexamination request or for developing a product.

12. Until or unless the Court rules otherwise, material marked or otherwise designated as Confidential shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

    a. Counsel for the respective parties, including their clerical, litigation support and paralegal employees, and including third-party litigation support personnel (for example, copy services, visual aid providers, or jury consultants) who are assisting Counsel. As used herein, "Counsel" shall mean attorneys of Sheridan Ross P.C., McGuireWoods LLP and Faegre & Benson LLP. For avoidance of doubt, Counsel does not include anyone who is an employee, officer or director of a party or has a permanent physical office in the facilities of a party. Any outside attorney or law firm other than those indicated above may be added to this Protective Order as counsel of record for a party upon ten (10) days advance written notice to all other parties, but shall not be added to the Protective Order nor entitled to access to any Confidential Information should any other party object in writing to the designation of counsel during such ten (10) day period; any such objection shall be resolved by the Court if not resolved among the parties.

    b. Up to three employees, officers, or directors of each party, provided that these persons have signed the attached Exhibit A to be bound by the Protective Order.

5

      c.      Consultants and experts for each of the parties specifically engaged by counsel or the parties to assist in this litigation, who are not potential fact witnesses in this action, and all necessary clerical and support personnel who assist such experts or consultants. Before reviewing Confidential Information: (a) any consultant/expert must sign an undertaking in the form of the attached Exhibit A. The identity of any testifying expert who has had a past or present employment or consulting relationship with any party during the past three years must be served on all counsel of record at least ten (10) days before the Confidential Information is shown to such testifying expert, and the non-disclosing party may object in writing to such disclosure within those ten (10) days. If any such objection is made, it must be in writing and state the reasons for such objection. No disclosure of Confidential Information shall be made to that testifying expert as to material produced by the objecting party until either: (1) the objecting party does not file an appropriate motion to exclude the testifying expert from Confidential Information within seven (7) days of lodging the objection; or (b) the matter is resolved by the Court or upon agreement of the parties.

      d.      The Court and its officers, court stenographers, other persons designated by the Court, and outside copy services whose function requires them to have access to material designated as Confidential under this Protective Order.

      e.      Officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers.

13. Until or unless the Court rules otherwise, material marked or otherwise designated as Highly Confidential shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except those identified in Paragraphs 11(a) and (c)-(e).

**B.     Filing Under Seal and Use at Hearings or Trial**

14. The parties acknowledge that Confidential Information and Highly Confidential Information may be filed in this action, and before any information and/or materials produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents which are designated as "Confidential" or "Highly Confidential" are filed with the Court for any purpose, the party seeking to file such information and/or material shall seek the permission of the Court to file said material under seal and shall follow the requirements of D.C.COLO.LCivR 7.2 and the most recent version of the District of Colorado ECF Procedures. The introduction of any Confidential Information or Highly Confidential Information into open court during the trial or any hearing in this matter shall be governed by pertinent local rules of the Court, future orders of the Court or by stipulation between the parties.

**C.     Depositions**

15. Notwithstanding Paragraphs 11 and 13 above, any witness may be shown at a deposition, or examined on, any document containing material designated Confidential or Highly Confidential if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicates that the document was previously communicated to or from the witness prior to or outside of this litigation, or if the designating party so agrees.

16. No persons shall attend portions of depositions during which information designated as Confidential or Highly Confidential is disclosed unless such person is an authorized recipient of such information under this Protective Order. If, during a deposition, the response to a question would require the disclosure of Confidential Information or Highly Confidential Information, the witness may refuse to answer or complete his or her answer, or any party that designated that information as Confidential or Highly Confidential may instruct the witness not to answer or complete his or her answer, until any persons not authorized to receive that information have left the room. If the persons not authorized to receive Confidential Information or Highly Confidential refuse to leave the room, the deposition shall continue as to non-confidential matters only or may be adjourned, at the option of the examining party. Each party reserves its right to demand the suspension of the taking of the deposition under Rule 30(d).

D. **Exceptions**

17. Nothing in this Order shall bar or otherwise restrict any counsel of record from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his examination of documents or information designated Confidential or Highly Confidential provided, however, in rendering such advice and in otherwise communicating with his clients, the counsel of record shall not disclose the content or the source of such information or documents contrary to the terms of this Order.

18. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

      a.    was, is, or becomes public knowledge in a manner other than by violation of this Protective Order;

      b.    is acquired by the non-designating party from a third-party having the right to disclose such information or material; or

      c.    was lawfully possessed by the non-designating party prior to the entry by the Court of this Protective Order.

19.    Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict the use or disclosure of information, documents, or things, if, at the time of such use or disclosure, a party is merely using or disclosing its own information. A party may freely use and disclose its own Confidential Information or Highly Confidential Information without restriction.

## IV. DISPUTES REGARDING DESIGNATIONS

20.    If any party believes in good faith that any Confidential Information or Highly Confidential Information which has been designated as "Confidential" or "Highly Confidential" is not properly subject to the confidentiality provisions of this Order, that party ("Objecting Party") may so notify the producing party in writing, provide a description of the Confidential Information or Highly Confidential Information which the Objecting Party believes should be freed from the constraints of this Order, and provide the reasons why the Confidential Information or Highly Confidential Information at issue is not properly subject to the confidentiality provisions of this Order ("Notice"). Copies of this Notice and the reasons shall be served on counsel for the parties to this lawsuit. Once Notice has been properly served, the parties shall, within 10 business days from the date of receipt of the Notice, confer and attempt to

resolve such dispute in good faith on an informal basis. If the parties cannot resolve the dispute, the confidentiality designation of the Confidential Information or Highly Confidential Information in question may be challenged by the Objecting Party upon motion. The Objecting Party must file a motion [consistent with D.C.COLO.LCivR 7.2] within 10 business days from service of such Notice. The designating party shall bear the burden of showing that the disputed confidentiality designation is appropriate. If such a motion is timely filed, the protection afforded by this Order shall continue until a decision on the motion is made by the Court or arbitrator(s) or resolution by the parties.

## V. VIOLATION

21. Any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information or Highly Confidential Information in order to ensure that the confidential nature of the same is maintained.

22. Each person and entity that receives any information designated as Confidential or Highly Confidential agrees to be subject to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order, even after the conclusion of this litigation.

23. Each party shall be entitled to all remedies existing under law and equity if any information that is designated (at the time of use or disclosure) Confidential or Highly Confidential is used or disclosed in violation of this Protective Order, or if any term of this Protective Order is violated in any other way. It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

24. If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must promptly, upon becoming aware of the disclosure, notify the designating party or non-party of the unauthorized disclosure and make every effort to prevent further disclosure and to obtain the return of such information. Such notification shall include: (a) a description of the Confidential Information or Highly Confidential Information used or disclosed (with Bates numbers of any documents involved, if known); (b) the date and nature of the use and disclosure; (c) the identity of the person(s) who made such use or disclosure and to whom the confidential information was disclosed; and (d) a description of the efforts taken to comply with the provisions of this paragraph. Except as provided for elsewhere in this Protective Order, any disclosure or use by any person or entity of any inadvertently disclosed or inadvertently non-designated information shall not be deemed a violation of this Protective Order if such disclosure or use occurs before that person or entity receives written notice of that inadvertent disclosure or non-designation.

## VI. THIRD PARTIES

25. This Protective Order applies to all information that a non-party produces or discloses in connection with this litigation. All information that any non-party designates as Confidential or Highly Confidential shall be treated as such in accordance with the terms of this Protective Order, subject to any party's rights to contest any designation as set forth above.

26. If any person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another entity designated "Confidential" or "Highly Confidential" in this action, the person or entity receiving the request

11

or order shall (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order, (b) immediately notify each designating party of the existence and general substance of each such order or request, (c) promptly furnish each designating party with a copy of the document(s) it received that memorialized the request or order, and (d) not interfere with any designating party's response or objection to any such order or request.

27. Nothing in this Protective Order requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (a) it is quashed or modified in a way that does not require such compliance, or (b) (i) it need not be complied with yet and (ii) the entity receives notice, within ten (10) days after it notifies each designating party of the existence of the request or order, that an entity has or will contest the request or order.

## VII. WAIVER AND INADVERTENT DISCLOSURE

28. If a producing party inadvertently discloses information without designating such information as "Confidential" or "Highly Confidential," that disclosure shall not be deemed a waiver of confidentiality with regard to that information, or similar or related information.

29. If a party inadvertently fails to mark a document that contains Confidential Information or Highly Confidential Information with the appropriate designation, it may later apply such a designation by providing counsel for each other party written notice of the proper designation for each affected document or thing. Upon receiving such a notice, each party shall treat the affected documents or things, and all copies thereof, as designated as the notice states, and each receiving party shall make a reasonable effort to (1) prevent improper use of disclosure

of such information and (2) obtain the return of such information that is disclosed to any person not authorized to receive such designated information, subject to its right to contest any designation as set forth below. The designating party shall also provide a replacement, marked pursuant to paragraph 4 above, for each affected document and thing. After receipt of a marked replacement, and upon written request of the designating party, the receiving party shall certify in writing to counsel of the designating party that the receiving party had returned or destroyed, at its option, every affected unmarked document and thing and all copies thereof.

### A.    Privilege and Immunity

30.   Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity. Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

31.   If any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure if the producing party provides written notice of the inadvertent disclosure to each receiving party within ten (10) days of becoming aware of the inadvertent disclosure. The parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including without limitation notes or work product), and to preclude the further use or disclosure thereof.

32. If written notice of inadvertent disclosure is provided within 10 days of the party becoming aware of the relevant inadvertent disclosure, then: (a) upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents and things that the disclosing party claims it inadvertently disclosed, and, if requested in writing to do so, certify in writing to the producing party that it has done so, and (b) until any issue of how to treat such information is resolved (for example, by court order or agreement of the parties), such information shall be treated as though it is subject to the claimed privilege or immunity, and shall not be further used or disseminated by the receiving party. If any receiving party disputes that any such information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure (e.g., if the receiving party disputes whether the disclosure was inadvertent), or use of any such information, then that party and the party claiming inadvertent disclosure shall meet and confer in good faith to attempt to resolve their disagreement. If those parties cannot resolve their disagreement within ten (10) days after receipt of such notice, then any of those parties may thereafter petition the court to resolve the matter. The party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity and, if relying on the rule against inadvertent waiver under this Protective Order, that the disclosure was inadvertent and that written notice was provided within the required 10 days. When written notice of inadvertent disclosure is provided within 10 days of the party becoming aware of the inadvertent disclosure, the Court will rule on claims of privilege or immunity without regard to the fact that such information has been disclosed or used.

## VIII. DISCOVERY FROM EXPERTS OR CONSULTANTS

33. Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

34. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

35. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

36. Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 33-35 shall be treated as attorney-work product for the purposes of this Action and Order.

## IX. CONCLUSION OF LITIGATION

37. Within sixty (60) days after the conclusion of this case, including any appeals, all Confidential Information and Highly Confidential Information designated and produced hereunder, and all copies thereof, shall be returned to the producing party or opposing counsel

shall certify in writing that such material has been destroyed, except that each firm having counsel of record shall have the right to retain for archival purposes one copy of all pleadings, papers filed with the court, written discovery requests, deposition transcripts, transcripts of court proceedings, correspondence and work product, including portions designated as Confidential Information or Highly Confidential Information, subject to the continuing obligations of all other provisions of this Protective Order, and provided that nothing in said archival copy shall be disclosed to anyone other than that counsel's partners, associates, or employees.

38. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

## IX. AMENDMENT

39. The parties reserve the right to amend or modify this Order upon agreement of the parties and for good cause shown. This Protective Order does not abridge and is without prejudice to the rights of a party (a) to oppose or object to the disclosure, production, use or admissibility of anything, or to refuse to disclose or produce anything based on any available legal grounds or objections, (b) to modify or seek relief from this Protective Order, (c) to seek judicial review or other appropriate action regarding any court ruling concerning information that is or was designated Confidential or Highly Confidential, or (d) to seek any additional protection that the party deems appropriate.

SO ORDERED.

Dated: October 11, 2011

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

DATED:

Respectfully submitted,

By: /s/ Robert R. Brunelli
Robert R. Brunelli
rbrunelli@sheridanross.com
Ian R. Walsworth
iwalsworth@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone:   303-863-9700
Facsimile:    303-863-0223

ATTORNEYS FOR PLAINTIFF
INTELLIGENT DESIGNS 2000
CORPORATION

By: /s/
William N. Federspiel
wfederspiel@mcguirewoods.com
David E. Finkelson
dfinkelson@mcguirewoods.com
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Telephone: 804-775-1157

Dirk de Roos
ddroos@faegre.com
FAEGRE & BENSON LLP
1700 Lincoln Street, Suite 3200
Denver, CO 80203
Telephone: 303-607-3500

ATTORNEYS FOR DEFENDANT
SPRINT/UNITED MANAGEMENT COMPANY